**IN THE SUPERIOR COURT OF GUAM**

STEVEN R. SURBAN,          )
                            )
           Plaintiff,     )
                            )
     vs.                        )
                            )
MARIE JO A. FRIANEZA-SURBAN,    )
                            )
           Defendant.     )
_____ )

**DOMESTIC CASE NO. DM0512-13**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Steven R. Surban's motion to compel production of discovery and for sanctions, filed March 6, 2014. Oral arguments were heard on June 4, 2014. Attorney Joaquin C. Arriola, Jr. appeared on behalf of Plaintiff and Attorney Daniel S. Somerfleck represented Defendant Marie Jo A. Frianeza-Surban. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On September 12, 2013, Plaintiff filed a complaint for divorce, child custody, and support against Defendant.

On March 6, 2014, Plaintiff filed a motion to compel production of discovery and for sanctions. Although Plaintiff alleges that he made a good faith effort to obtain the disclosure or discovery without court action, Plaintiff argues that he has not received any discovery at the time of filing of this motion after Plaintiff served Defendant with a request for production of documents on November 20, 2013. (Mot. Compel & Sanctions, 3-4, Mar. 6, 2014). Plaintiff further requests that Defendant be sanctioned. *Id.* at 4.

On May 5, 2014, Defendant filed an opposition. Defendant explains that the parties were in negotiation toward a settlement when Defendant received Plaintiff's request for production of documents on November 20, 2013, and Defendant presented Plaintiff with a proposed Divorce and Property Settlement Agreement. (Opp'n Mot., 2, May 5, 2014). Plaintiff

ORIGINAL

rejected the settlement offer on February 21, 2014. *Id.* Thereafter, Defendant filed a response to Plaintiff's request or production of documents on March 27, 2014, and a supplemental response on April 29, 2014. *Id.* Although Defendant's response to discovery may have been late, Defendant argues that sanctions are not warranted when Plaintiff has suffered no prejudice as a result of the delay. *Id.*

On May 12, 2014, Plaintiff filed a reply. Plaintiff argues that Defendant should be sanctioned when no discovery was produced until after the motion was filed, and for violating the scheduling order. (Reply, 2-3, May 12, 2014).

On May 16, 2014, Plaintiff filed a supplemental memorandum reiterating that sanctions in the form of attorney's fees are mandatory when Plaintiff made numerous informal efforts to have Defendant respond, Defendant's delay and non-disclosure are not substantially justified, and no circumstances are provided by Defendant whereby an award of expenses would be unjust. (Supp. Memo., 5, May 16, 2014). Furthermore, Plaintiff argues that he is only receiving the requested documents about one month before the trial scheduled for June 18, 2014, and has no opportunity to depose or conduct further discovery prior to trial in light of the documents produced. *Id.* In sum, Plaintiff expended $3,212.00 in attorney's fees on this motion to compel. *Id.*

On May 27, 2014, Defendant filed an opposition to Plaintiff's supplemental memorandum. As of May 15, 2014, Plaintiff was provided with the documents that were deemed missing at the motion hearing on May 14, 2014. (Opp'n Supp. Memo., 2-3, May 27, 2014). Defendant does not argue that the production of documents were tardy, but Defendant stresses the fact that, based upon the circumstances and Defendant's limited financial resources, Defendant made attempts to resolve this matter before incurring additional attorney's fees. *Id.* at 3. Furthermore, Defendant claims that Plaintiff has suffered no prejudice by the delay in receiving the documents as the parties had already left discovery open until the end of May. *Id.*

On June 4, 2014 at the pre-trial conference, Plaintiff confirmed that he received all the requested documents. (PTC, Record Log at 9:33:53, Jun. 4, 2014). The parties agreed to begin

ORIGINAL

depositions in the following week, and the motion for sanctions was taken under advisement. *Id.*

## DISCUSSION

### I. Sanctions under Rule 37 of the Guam Rules of Civil Procedure

Under the Guam Rules of Civil Procedure (GRCP), "[i]f a party fails to make a disclosure required by Rule 26(a), another party may move to compel disclosure and for appropriate sanctions." Guam R. Civ. P. 37 (a) (2) (A) (2010). If the motion to compel is granted or, alternatively, if the disclosure or requested discovery is provided after the motion was filed,

> "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Guam R. Civ. P. 37 (a) (4) (A) (2010).

In this case, Plaintiff served Defendant with a request for a production of documents on November 20, 2013. (Mot. Compel & Sanctions, 3, Mar. 6, 2014). Plaintiff's counsel sent e-mails to Defendant's counsel on November 25, 2013, January 24, 2014, January 30, 2014, and March 5, 2014 requesting the production of documents. (Reply, Exhibits A-D, May 12, 2014). Defendant provided a response to Plaintiff's request on March 27, 2014 and a supplemental response on April 29, 2014. (Opp'n Mot., 2, May 5, 2014). Defendant provided Plaintiff with the remaining requested disclosures on May 15, 2014. (Opp'n Supp. Memo., 2-3, May 27, 2014). Defendant argues that the delay in the disclosure of the requested documents stem from the failed negotiations toward a settlement, which ultimately concluded on February 21, 2014, and the "unduly burdensome discovery." (Opp'n Mot., 2, May 5, 2014); (Opp'n Supp. Memo., 3-4, May 27, 2014). Defendant further argues that sanctions are not warranted when Plaintiff has suffered no prejudice by the delay. (Opp'n Supp. Memo., 3, May 27, 2014).



Considering the arguments set forth by the parties above, the Court finds that Plaintiff made good faith efforts to obtain the discovery without court action. Guam R. Civ. P. 37 (a) (4) (A) (2010). The Court notes Defendant's argument that the failed negotiations toward a settlement supposedly justify the Defendant's non-production of the documents. However, there was no evidence presented to corroborate this argument, or to show that Plaintiff agreed to stall discovery while negotiation discussions ensued. In fact, the evidence presented of emails sent by Plaintiff belies this argument. (Reply, Attachments A – D inclusive, May 12, 2014). Furthermore, Defendant's argument still does not justify the Defendant's failure to produce initial disclosures when required at the relative inception of the case.

This Court encourages efforts toward possible settlement of matters, and generally agrees that incurring legal expenses to compile and produce discovery is unnecessary if settlement can be reached. However, in this case there was no evidence offered to show that any settlement negotiation discussions included a mutual agreement between the parties to temporarily halt the discovery process. This Court will not tolerate the frustration of entitlement to discovery, nor will this Court foster a perceived culture of blithely overlooking inexcusable discovery violations. By neglecting to enforce GRCP Rule 37, this Court would be equally blameworthy of violating the civil procedure rules by indulging the discovery violator with its own capricious lack of regard for the rule of law. *See Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 533 (1st Cir. 1996) (finding that discovery matters are for the informed discretion of the trial court and that the breath of that discretion is great).

For these reasons, the Court hereby grants Plaintiff's motion. Pursuant to GRCP Rule 37(a)(4)(A), the Court finds that the reasonable expenses incurred by Plaintiff, including attorney's fees, for generating the necessary motion and its consequent filings equals One Thousand Dollars ($1,000.00). (See Reply, 2-3, May 12, 2014). Therefore, this Court imposes a monetary sanction of that same amount upon Defendant, in accordance with GRCP Rule 37(a)(4)(A).

///

///

ORIGINAL

///

## CONCLUSION

Based upon the foregoing, Plaintiff's motion for sanctions is hereby GRANTED. The Court imposes a monetary sanction upon Defendant in the amount of One Thousand Dollars ($1,000.00) to be paid by Defendant to Plaintiff for reimbursement to Plaintiff of reasonable expenses and attorney's fees incurred in making the GRCP Rule 37 motion.

SO ORDERED this _25TH_ day of August, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_J. Arriola_
_D. Gumor Tuck_
Date: _8/25/14_ Time: _1:58pm_

Deputy Clerk, Superior Court of Guam

ORIGINAL